

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

March 24, 1972

Honorable Bob Bullock             Opinion No. 1100
Secretary of State
State of Texas                    Re:   Authority of Legislature to ap-
Capitol Building                        propriate money at a future date
Austin, Texas 78711                     to pay expenses already incurred
                                        in necessary preparations by
                                        county committees of political
                                        parties for holding primary elec-
Dear Mr. Bullock:                       tions.

        Your March 23, 1972 request for an opinion asks whether at a
future time the Legislature may validly appropriate money to pay ex-
penses already incurred in preparation for primary elections by county
committees of political parties.   It is our opinion the Legislature may
not validly make such an appropriation.

        The State Constitution requires as a requisite to expenditure of
state funds not only an appropriation, but also pre-existing law.   Article
III, Section 44, provides:

                "The Legislature . . . shall not grant . . .
        by appropriation or otherwise, any amount of money
        out of the Treasury of the State, to any individual,
        on a claim, real or pretended, when the same shall
        not have been provided for by pre-existing law; . . ."

        In the recent opinion of the Texas Supreme Court in Bullock v.
Calvert (No. B-3245, March 8, 1972) the Court stated in reference to
your attempt to provide a substitute for the unconstitutional filing fee
assessment system of financing,

                ". . . no specific commission to underwrite
        the election costs can be implied in the face of those
        contrary enactments . . ." (opinion, p. 11). *

---

*        Page references are to the unpublished opinion of the Court.

-5369-

The Court observed (opinion, pp. 11, 12):

> "It may be true that those parties are unable
> to raise sufficient funds by their own devices.   And
> it may well b e that the only other alternative is an
> expensive special session of the Legislature, which
> could come as a burden upon its members, requiring
> them to meet a difficult problem in a brief and at an
> inopportune time.   However, these are considerations
> which we cannot reach with out assuming to ourselves
> what the Texas Constitution does not allow us.   That
> Constitution requires legislative authorization and ap-
> propriation for the expenditure of public funds. "

For the same reasons that state funds could not then be spent
by you, no one may now do so.   There is no legislative authorization.   There
are two necessary elements, legislative authorization and appropriation.   It
is true that the Court said (opinion, p. 7):

> "We hold that it lies within the discretion and
> power of the Legislature to appropriate state funds for
> this purpose . . . "

There must also be authorization.   To read the Court's opinion
otherwise is to remove from the Legislature their discretion to determine
whether the funds of the State of Texas are to be expended for that purpose.
In rejecting your arguments in the recent case, cited above, the Court said
(opinion, p. 11):

> "Secondly, the effect of this degree of implied
> authority would be to give the Secretary of State the
> decision on whether or not state funds should be used
> for party primary elections and, if so, for what par-
> ticular expenses and to what extent.   This would be an
> unconstitutional delegation of legislative power in vio-
> lation of the separation of powers section (Art. 2, § 1)
> of the Constitution. "   (Emphasis added. )

Present state statutes regulate many activities, including primary elections. Expenditures incident to primary elections made by certain officers of the political parties do not signify a legislative intent to authorize expenditures of state funds. Only the Legislature may make the choice; only the Governor may call the Legislature for a special session.

## SUMMARY

The Legislature may not validly appropriate funds in the future to pay expenses presently incurred in preparation for primary elections by county committees of political parties but not "provided for by pre-existing law."

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

J. C. Davis
Rex White
John Reeves
Houghton Brownlee

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant